UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.   8:13-cr-309-T-23EAJ
         8:15-cv-109-T-23EAJ

ALBERT STANLEY MELVIN
_____/

**O R D E R**

Under the terms of a plea agreement, Melvin pleaded guilty to possessing a loaded Glock .45 caliber semi-automatic handgun in violation of 18 U.S.C. § 922(g). The United States' motion under USSG §5K1.1 for a one-level downward departure allowed the imposition of a 140-month sentence, which is forty months below the statutory minimum under the Armed Career Criminal Act ("ACCA").

Melvin moves to vacate under 28 U.S.C. § 2255 and challenges his sentence. This action proceeds based on both Melvin's Second Amended Motion to Vacate and his supporting memorandum. (Docs. 11 and 12)  The motion to vacate asserts two grounds for relief, each of which challenges his sentence under the ACCA.  First, Melvin alleges that trial counsel was ineffective for not opposing the use of a prior robbery conviction, which Melvin contends was a "youthful offender adjudication," not an adult conviction, and consequently cannot support a sentence under the ACCA.  Second, Melvin alleges that his prior fleeing-to-elude conviction, which was

used under the residual clause of the ACCA, cannot support a sentence under the ACCA based on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which holds that the residual clause of the ACCA is unconstitutionally vague. The United States admits (1) that Melvin is entitled both to retroactive application of *Johnson* and, as a consequence, to re-sentencing because he no longer qualifies for an enhanced sentence under the ACCA and (2) that Melvin's maximum sentence without the ACCA enhancement is ten years. *See In re Rivero*, 797 F.3d 986 (11th Cir. 2015) ("If Rivero — like the petitioner in *Bousley* — were seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively."). The retroactive application of *Johnson* resolves each ground for relief.

Accordingly, the Second Amended Motion to Vacate Sentence under 28 U.S.C. § 2255 (Doc. 11) is **GRANTED**; the January 27, 2014, judgment, Doc. 31 in Case No. 13-cr-309, is **VACATED**; and a separate order in Case No. 13-cr-309 will schedule a prompt re-sentencing for Melvin. The clerk must enter a judgment for Melvin in, and close, this case.

ORDERED in Tampa, Florida, on October 26, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE